UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES - GENERAL

| Case No. | **2:25-cv-08832-WLH-KS** | Date | March 25, 2026 |
|---|---|---|---|
| Title | ***Uttama Sharma v. B. Braun Medical, Inc. et al*** | | |

Present: The Honorable   WESLEY L. HSU, United States District Judge

| Lesbith Castillo | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:   (IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND [22]**

The Court is in receipt of Plaintiff Uttama Sharma's Motion to Remand (the "Motion"). (Mot., Dkt. No. 22). No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. (*See* Standing Order, Dkt. No. 10 at 16). Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for March 27, 2026, is **VACATED**, and the matter taken off calendar. For the reasons explained herein, the Court **GRANTS** the Motion in part and **DENIES** it in part.

Plaintiff filed the instant action on September 15, 2025, in the Superior Court of California, County of Los Angeles against Defendants B. Braun Medical, Inc. ("B. Braun") and Farshid Zadeh (collectively, "Defendants"). (Notice of Removal ("Notice"), Dkt. No. 1 at 2). The Complaint asserted sixteen causes of action: (1) age discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) associational disability discrimination in violation of FEHA; (3) harassment on the basis of associational disability in violation of FEHA; (4) race discrimination in violation of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

FEHA; (5) harassment on the basis of race in violation of FEHA; (6) gender discrimination in violation of FEHA; (7) harassment on the basis of gender in violation of FEHA; (8) failure to provide reasonable accommodation; (9) failure to engage in the interactive process; (10) failure to prevent discrimination and harassment; (11) retaliation in violation of FEHA; (12) retaliation for taking a protected leave of absence in violation of FEHA; (13) California Family Rights Act ("CFRA") protected leave interference in violation of FEHA; (14) retaliation in violation of Labor Code §1102.5; (15) wrongful termination in violation of public policy; and (16) intentional infliction of emotional distress.  (*See generally*, Complaint, Dkt. No. 1-1).  The Clerk issued the Summons on September 15, 2026.  (Summons, Dkt. No. 1-1).  On September 17, 2026, B. Braun removed the action to this Court, arguing that the "requirements for diversity jurisdiction are met."  (Notice at 5).  On December 9, Plaintiff served Defendant Farshid Zadeh, and she filed an answer to the Complaint on December 30, 2025.  (Declaration of Parth Shah ("Shah Decl."), Dkt. No. 22, Attachment 1, ¶ 5 ).  Plaintiff filed the instant Motion to Remand on January 20, 2026, arguing that the Court lacks subject matter jurisdiction because Plaintiff and Defendant Zadeh are citizens of California.  (Mot. at 5-6).

A civil action brought in state court may be removed to federal court on the basis of federal question or diversity jurisdiction.  28 U.S.C. § 1441(a).  To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship and an amount in controversy exceeding $75,000.  28 U.S.C. § 1332(a).  The removing party bears the burden of proving removal is proper.  *Bristol Cap. Invs., LLC v. Cannapharmarx Inc.*, 2021 WL 2633155, at *1 (C.D. Cal. June 24, 2021).

Plaintiff moves for remand arguing that the Court lacks completed diversity as required by 28 U.S.C. § 1332(a).  (Mot. at 5).  Parties do not dispute that the amount-in-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

controversy is met.  (*Id*. at 4).  Plaintiff also seeks attorney's fees in the amount of $1,800.  (*Id*. at 8).

The Court finds that diversity jurisdiction exists under 28 U.S.C. § 1332(a) at the time of removal.  Diversity jurisdiction under § 1332(a) requires complete diversity of citizenship and an amount in controversy greater than $75,000.  *See* 28 U.S.C. § 1332(a). Section 1441(b)(2), concerning removals based on diversity of citizenship, also provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

Based on the plain reading of §1441(b)(2), "a 'local defendant' has to be 'properly joined and served' before the prohibition present in Section 1441(b)(2) goes into effect." *Choi v. Gen. Motors LLC*, 2021 WL 4133735, at *4 (C.D. Cal. Sept. 9,  2021) (emphasis omitted).  Here, Plaintiff is a citizen of California, and B. Braun is a citizen of Texas, its state of incorporation, and a citizen of Pennsylvania, where it has its principal place of business.  (Notice at 3-5).  Defendant Farshid Zadeh was not properly served until after this action was removed.  (Shah Decl. ¶ 5).  Accordingly, because removal was proper, the Court denies Plaintiff's request for attorney's fees.

But, that does not end the inquiry regarding remand.  A federal court must remand a case to state court if, *at any time prior to final judgment*, the court finds that it lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  Remand is now proper due to a lack of complete diversity because Plaintiff and Defendant Farshid Zadeh are both citizens of California. [1]  28 U.S.C. § 1447(c).

---

[1] To the extent Defendant would ask the Court to retain jurisdiction over this case pursuant to supplemental jurisdiction, the Court declines to exercise any discretion it may have to do so.  At

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion in part and **DENIES** it in part. This matter is hereby **REMANDED** to Superior Court of California, County of Los Angeles, because complete diversity does not exist, and jurisdiction cannot be maintained on these grounds. Accordingly, Plaintiff's request for remand has been **GRANTED**, and his request for attorney's fees has been **DENIED**. This Clerk's Office is **ORDERED** to administratively close this case.

**IT IS SO ORDERED.**

---

this extremely early stage of the case, there is no judicial economy or public policy benefit to be gained in the exercise of supplemental jurisdiction.